IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-00682-PSF-PAC

JULIETTE HARRINGTON,

    Plaintiff,

v.

SHOP.COM, a California corporation; and
ALTURA INTERNATIONAL, a California corporation,

    Defendants.

**STIPULATED PROTECTIVE ORDER**

**I.    PROTECTION OF CONFIDENTIAL INFORMATION**

    **A.    Purposes And Limitations**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.

    **B.    Definitions**

<u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

<u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things,

testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

"Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c). It shall not include (1) information that is in the public domain at the time of disclosure or that enters the public domain after disclosure through no fault or action of the receiving party; (2) information already in the possession of a receiving party if not previously subject to confidentiality obligations; and (3) information disclosed by a third party with the legal right to do so.

Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential"

Protected Material: Any Disclosure or Discovery Material that is designated as "Confidential"

Outside Counsel: Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

House Counsel: attorneys who are employees of a Party.

Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee or consultant of another Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of another Party or a competitor of another Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**C.     Scope**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**D.     Duration**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

### E.   Designating Protected Material

#### 1.   Exercise of Restraint and Care in Designating Material for Protection:

Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

#### 2.   Manner and Timing of Designations.

Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" on each page that contains protected material prior to production or making the documents or materials available for inspection.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" After the inspecting Party has identified the documents it wants

copied and produced, the Producing Party must determine within five calendar days after such identification which documents, or portions thereof, qualify for protection under this Order.

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identifies on the record or within 5 days after receipt of the transcript, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL" Only those portions of the testimony that are appropriately designated for protection within 5 days after receipt of the transcript shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be marked by affixing to the top of each such page the legend "CONFIDENTIAL" as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.  Testimony shall be treated as Confidential until the 5 day period for designation elapses, or unless otherwise designated before that time.

(c)     for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential."

### 3. Inadvertent Failures to Designate.

If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

### F. Challenging Confidentiality Designations

### 1. Timing of Challenges.

Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

### 2. Duty to Confer.

A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring in good faith with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

### 3. Judicial Intervention.

A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with requirement to confer. Alternatively, the Parties may mutually arrange a telephone conference with the Court.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

### G. Access To And Use Of Protected Material

### 1. Basic Principles.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section I.L, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material shall be separately bound by the court reporter and may not be disclosed to anyone excepted as permitted under this Stipulated Protective order.

### 2.       Disclosure of "CONFIDENTIAL" Information or Items.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)     the Receiving Party's Outside Counsel of record in this action or the Receiving Party's corporate Outside Counsel who have been disclosed to the Producing Party, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation, provided that such persons are not involved in patent prosecution for any Party or any other person who develops, markets, or sells a product that competes with the product(s) subject to discovery in this litigation;

(b)     If the Receiving Party is a corporate entity, no more than three employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation, at least one of which possessing full settlement authority, so long as  (1) such persons have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A; (2) such persons review all Confidential information at the offices of Heller Ehrman LLP or under the supervision of a Heller Ehrman partner or employee; and (3) such persons do not make separate copies of Confidential information

(c)     If the Receiving Party is an individual, to that individual and his/her spouse, so long as  (1) such persons have signed the "Agreement to Be Bound by

8

Protective Order" that is attached hereto as Exhibit A; (2) such persons review all Confidential information at the offices of Hutchinson, Black, and Cook ("HBC") or under the supervision of an HBC partner or employee; (3) such persons do not make separate copies of Confidential information

    (d)    Actual or potential Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who agree in writing not to perform any work for any Party, or any of their competitors, in a non-litigation capacity for a period of one year following the last date on which the person is exposed to any information or item designated CONFIDENTIAL (3) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (4) as to whom the procedures set forth in section I.G.3, below, have been followed;

    (e)    the Court and its personnel;

    (f)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; and

    (g)    the author of the document, the original source of the information, or, during a deposition, any witness who has already previously received the document in the course of employment with the party who designated the document "CONFIDENTIAL."

### 3. Procedures for Approving Disclosure of "CONFIDENTIAL" Information or Items to "Experts"

(a) Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "CONFIDENTIAL" first must make a written request to the Designating Party that (1) states that CONFIDENTIAL information will be disclosed to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), and (5) provides a list of all expert engagements for the preceding two years, including the name of all entities or parties for which the expert was engaged.

(b) A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must confer with the Designating Party to try to resolve the matter by agreement. If no agreement is reached, the Party opposing the disclosure to the Expert may file a motion with the court within 10 days of service of the written objection with respect to that objection. Failure to file a timely motion within the prescribed period shall preclude a party from objecting to the disclosure of the Protected Material. The motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the

matter by agreement. Alternatively, the Parties may mutually arrange a telephone conference with the Court. The Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert. The disclosure of Protected Material to the proposed person shall be withheld pending a ruling by the Court on a timely-filed motion.

### H.    Source Code

No Source Code shall be produced prior to the entry of an appropriate Source Code Protective Order.

### I.    Protected Material Subpoenaed Or Ordered Produced In Other Litigation.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax or email attachment, if possible) immediately and in no event more than five court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### J.   Unauthorized Disclosure Of Protected Material

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### K.   Filing Protected Material.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 7.3.

### L. Final Disposition.

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, one set of deposition exhibits, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section I.D (DURATION), above.

## II. NO LIMITATION

### A. Right to Further Relief.

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

### B. Right to Assert Other Objections.

By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED:   Nov 29, 2005                             s/Kim Hult

        Attorneys for Plaintiff


DATED:   Nov 29, 2005                             s/Peter Gratzinger

        Attorneys for Defendant


PURSUANT TO STIPULATION, IT IS SO ORDERED.

        BY THE COURT:

*s/ Phillip S. Figa*

DATED: November 30, 2005

Phillip S. Figa
United States District Judge

EXHIBIT A
ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Colorado on in the case of *Harrington v. Shop.com et al.*, Civil Action No. 05-cv-682-PSF-PAC. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of
_____
_____ [print or type full address and telephone number] as my Colorado agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____
City and State where sworn and signed: _____
_____
Printed name: _____
[printed name]

Signature: _____

 [signature]