**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Phillip S. Figa**

Civil Action No. 05-cv-682-PSF-PAC

JULIETTE HARRINGTON,

    Plaintiff,

v.

SHOP.COM, a California corporation, and
ALTURA INTERNATIONAL, a California corporation,

    Defendants.
_____

**STIPULATED SOURCE CODE PROTECTIVE ORDER**
_____

## I.    PRODUCTION OF SOURCE CODE

A party may produce computer source code at a reasonable location as agreed by the parties. Such source code shall be considered "CONFIDENTIAL-SOURCE CODE" information. Source code shall be deemed produced if a copy of the source code is made available in electronic form for inspection and use in an inspection room under the control of the Producing Party with the following restrictions:

    (a)    The inspection room shall be made available during regular business hours on one week's advance notice by the Receiving Party before the first visit and 24 hours advance notice of the second and subsequent visits. The Producing Party shall use reasonable efforts to make the inspection room available during evening and weekend hours on 24 hour advance notice, where such notice is provided on a business day, but the Receiving Party will pay for reasonable costs involved in making the inspection room available during evening and weekend hours. Only counsel and Experts for whom the procedures of Section I.G.3 of the November 30, 2005 (the "November 30

     Order") have been followed shall be permitted access to the inspection room.

(b) The inspection room shall have an appropriate computer system loaded with the source code. The computer system on which the source code is provided shall have a read-only CD-ROM drive and a monitor. The party inspecting source code on the inspection room computer system shall not be permitted to output information onto portable or network media from the inspection room computer system by any means even if such means exist on the system (e.g., floppy drive, CD-R drive, Ethernet /Internet/email access or USB).

(c) The Producing Party shall provide an attendant, reasonably available during the use of the inspection room by the party inspecting the source code, to respond to technical problems and to handle the printout issues referred to below.

(d) The party inspecting the source code shall be permitted to designate (e.g. by file or by describing the code desired) to the attendant or the Producing Party's counsel such printouts as it desires for its use within the inspection room and as it believes are reasonably necessary for its evidentiary use in the case. The Producing Party shall have 24 hours if requested on a weekday, or 72 hours if requested on a weekend, in which to object in writing as to the extent orrelevance of the printout(s).  If no such objection is made, the Producing Party shall produce a copy of the printout(s) to the Receiving Party.  Any printouts shall be marked with a document production number and a designation under this Protective Order as "CONFIDENTIAL-SOURCE CODE."  A Party that receives a timely objection must meet and confer with the Producing Party (through direct voice to voice dialogue) to try to resolve the matter by agreement. If no agreement is reached, the Producing Party may file a motion for enforcement of the Receiving Party's obligation under this Protective Order to limit designated code to that code reasonably necessary for evidentiary use in the case. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the printout should not be produced, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk. The printout(s) shall be retained by the Producing Party, and not produced, pending the Court's resolution of the motion.

     (e)    The inspecting party shall not remove from the inspection room a copy of any portion of the source code nor shall it transmit any portion of the source code outside of the inspection room or to any computer or media the inspecting party may use within the inspection room. The party inspecting the source code shall not tamper with the equipment or software provided by the producing party, including the making of any alterations to the hardware or software, disassembling or opening the hardware, removing, even temporarily, any portion of the hardware, or attaching to, or installing in the hardware any devices, cables or equipment or software.

     (f)    The producing party shall not intentionally violate the confidentiality and privacy of the analysis of the source code by the party inspecting the source code, but may inspect the inspection room before and after visits by the inspecting party. To maintain confidentiality and privacy, the inspection room shall be equipped with a paper shredder for use by the party inspecting the source code.

     (g)    The Receiving Party may retain and remove from the clean room its own notes, provided, however, that such notes are marked with the case name, docket number, and the legend "CONFIDENTIAL-SOURCE CODE" and are treated as "CONFIDENTIAL-SOURCE CODE" information produced by the Party whose information is embodied in the notes pursuant to this Order.

## II. USE OF CONFIDENTIAL SOURCE CODE

CONFIDENTIAL-SOURCE CODE information is subject to all of the restrictions set forth in the November 30 Order that are applicable to CONFIDENTIAL information, with the additional restriction that such information may not be disclosed to the persons identified in paragraphs I.G.2(b) and I.G.2(c) of the November 30 Order. However, to the extent that CONFIDENTIAL-SOURCE CODE information is embedded in the body of and necessary to the understanding of any expert report disclosed under Rule 26(a)(2)(B) in this case, such expert report may be viewed by Plaintiff subject to all of the restrictions set forth in the November 30 Order that are applicable to CONFIDENTIAL information.

The restrictions in this Order are not intended to preclude the Receiving Party from using reasonable excerpts of source code in depositions exhibits, trial exhibits, expert reports, and other documents for purposes of this action.

However, the parties shall make best efforts to limit the number and size of excerpts of source code so used.

    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

        DATED: 4/26/06        s/ William Meyer
                                            Attorneys for Plaintiff

        DATED: 4/26/06        s/ Peter Gratzinger
                                            Attorneys for Defendants

    PURSUANT TO STIPULATION, IT IS SO ORDERED.

    DATED April 27, 2006.

                          BY THE COURT:

                          *s: Phillilp S. Figa*

                          _____
                          Phillip S. Figa
                          United States District Judge