IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-00682-PSF-PAC

JULIETTE HARRINGTON,

 Plaintiff,

v.

SHOP.COM, a California corporation; and
ALTURA INTERNATIONAL, a California corporation,

 Defendants.

## ORDER

 This matter is before the Court on Defendants' Motion for Clarification or Reconsideration (Dkt. # 77), filed March 10, 2006. The motion is fully briefed and ripe for determination. The Court determines that oral argument will not be of material assistance.

 This Court entered an Order on Claim Construction (Dkt. # 71) in this patent case on March 2, 2006. The factual background of this case is set forth in detail in that Order. Also in that Order, the Court construed the term "remote vendor network site," contained in Claims 1, 6 and 7 of the patent at issue, as "the location of information regarding a particular vendor that is remote to the local user and that may include real vendor sites, real internet vendor sites, or virtual internet vendor sites, including sites that have no connection on the internet but have information loaded onto, accessible from and local to the database." The Court rejected defendants' proffered construction,

which defined the term as "a server application, such as a website, that accepts connections from client programs at a specified network location, such as a website address, and allows retrieval of information about products, such as by 'navigating' a series of web pages; it is owned and operated by an entity which accepts payment in exchange for such products and which is a different commercial entity from that which provides the database and database interface; it is on a different computer from the database and associated database interface."  Ex. B at 3, Disputed Claim Terms, attached to Amended Joint Claim Construction Statement (Dkt. # 66).

Defendants have presented no evidence that the previous construction was erroneous as a matter of law or that new evidence exists to justify a reconsideration or modification of the previous construction.  *See Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 n.5 (10th Cir. 2000) (motion for reconsideration should be granted only to correct manifest errors of law or to present newly discovered evidence). Rather, their argument appears to be merely a second bite of the claims construction apple–asking this Court to impose a limitation on a term that has been previously rejected.  For example, although the patent certainly contemplates vendor sites being owned and operated by a vendor, nothing in the patent precludes such a site from being owned and operated by a third-party who is under contract with the vendor to operate its site.  The patent also allows for a remote vendor site that is owned by the vendor, but not operated by the vendor–or some other combination of ownership and operation.  Use of the term "vendor's site," while indicating possession, also indicates description of the site, and does not necessarily indicate ownership and operation, as

defendants posit.  Although defendants' description may well be the most common example of the term "remote vendor network site," it is not the only possible description. The patent does not so limit itself or require such a construction.

For the foregoing reasons, Defendants' Motion for Clarification or Reconsideration (Dkt. # 77) is DENIED.

DATED: June 27, 2006

BY THE COURT:

*s/ Phillip S. Figa*
_____
Phillip S. Figa
United States District Judge